**UNITED STATES, Appellee,**

v.

**Jacques ARROUS, Defendant–Appellant.**

No. 99–1658.

United States Court of Appeals, Second Circuit.

April 16, 2001.

**46**

The Legal Aid Society, Federal Defender Division, Appeals Bureau; Colleen P. Cassidy, of Counsel, New York, NY, for appellant.

Loretta E. Lynch, United States Attorney, Eastern District of New York; Jo Ann M. Navickas and Kelly Currie, Assistant United States Attorneys, of Counsel, Brooklyn, NY, for appellee.

Present FEINBERG, NEWMAN, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is VACATED AND REMANDED.

Defendant–Appellant Jacques Arrous appeals from the October 2, 1999 judgment of conviction and sentence of the district court in which the court ordered Arrous to pay restitution in the amount of $388.00. Arrous pleaded guilty to and was convicted of intentionally assaulting and intimidating a flight attendant in violation of 49 U.S.C. § 46504; he was sentenced to two months in the custody of the Attorney General to be followed by one year of supervised release, and ordered to pay restitution to the victim in the amount of $388.00.

On appeal, Arrous argues, and the government agrees, that the district court violated Fed.R.Crim.P. 11(c)(1) when it ordered him to pay restitution without having warned him during the plea hearing that restitution might be part of his sentence. We agree. Rule 11(c)(1) clearly requires that the district court inform the defendant "that the court may also order the defendant to make restitution to any victim of the offense." We have previously held that failure to do so cannot be harmless error where, as here, the court subsequently imposes restitution. *See United States v. Showerman,* 68 F.3d 1524, 1527 (2d Cir.1995).

We therefore vacate and remand the sentence. As we recognized in *Showerman,* we have broad authority to devise a remedy where Rule 11(c)(1) sentencing violations such as this have occurred. *Id.* at 1528–29. We conclude that the proper remedy in this case is for the district court either (1) to withdraw its direction to make restitution, or (2) to allow Arrous to withdraw his plea of guilty and proceed to trial.

For the reasons set forth above, the sentence imposed by the district court is VACATED AND REMANDED; on remand, the court shall either (1) withdraw its direction to make restitution, or (2) allow Arrous to withdraw his plea of guilty and proceed to trial.